**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CRYSTAL CRUISES, INC.; CRYSTAL SHIP THREE BAHAMAS LIMITED, | No. 12-55338 |
| Plaintiffs - Appellants, | D.C. No. 2:10-cv-08736-PSG-JC |
| v. | MEMORANDUM* |
| MOTEURS LEROY-SOMER S. A.; LEROY-SOMER; EMERSON ELECTRIC COMPANY, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted November 7, 2013
Pasadena, California

Before: GOODWIN, FISHER, and CLIFTON, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Plaintiffs Crystal Cruises, Inc. and Crystal Ship Three (Bahamas) Limited (collectively, "Crystal") appeal the district court's orders: (1) dismissing French corporate defendants Moteurs Leroy-Somer S.A. ("Moteurs") and Leroy-Somer for lack of personal jurisdiction; (2) granting summary judgment in favor of Emerson Electric Company ("Emerson"); and (3) denying Crystal's request for additional discovery. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

We review *de novo* the district court's rulings regarding personal jurisdiction and summary judgment. *Pac. Shores Props., LLC v. City of Newport Beach*, 730 F.3d 1142, 1156 (9th Cir. 2013); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). We review the district court's denial of Crystal's request for additional discovery for an abuse of discretion. *Michelman v. Lincoln Nat'l Life Ins. Co.*, 685 F.3d 887, 892 (9th Cir. 2012).

The district court properly determined that Crystal failed to establish that Moteurs and Leroy-Somer had adequate "continuous and systematic" contacts with California to support assertion of general personal jurisdiction. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2854 (2011) (elaborating on the circumstances that warrant an exercise of general jurisdiction). Crystal's argument that Emerson's in-state contacts should be attributed to Moteurs and Leroy-Somer for jurisdictional purposes lacks merit. Corporations are treated as separate and

2

distinct entities and "the presence of one . . . in a forum state may not be attributed to the other" for determining jurisdiction. *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 459 (9th Cir. 2007). Crystal fails to demonstrate that any exception to this rule applies. *Bauman v. DaimlerChrysler Corp.*, 644 F.3d 909, 920-23 (9th Cir. 2011) (explaining the "alter ego" and "agency" tests used to support the exercise of personal jurisdiction over a foreign parent company by virtue of its relationship to a subsidiary), *cert. granted*, 133 S.Ct. 1995 (2013). Therefore, the district court correctly dismissed the French subsidiaries for lack of personal jurisdiction. *Goodyear*, 131 S.Ct. at 2854.

The district court correctly granted summary judgment for Emerson because Crystal failed to raise a genuine dispute of material fact relevant to Emerson being vicariously liable for allegedly defective generators that Moteurs designed and manufactured. *C.A.R. Transp. Brokerage Co., Inc. v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (holding that the burden "rests upon the party asserting the existence of the agency and seeking to charge the principal with the representation of the agent") (quoting *Inglewood Teachers Ass'n v. Pub. Emp't Relations Bd.*, 227 Cal. App. 3d 767, 780 (1991)); *see also Am. Way Cellular, Inc. v. Travelers Prop. Cas. Co.*, 216 Cal. App. 4th 1040, 1052-53 (2013).

3

The district court did not abuse its discretion by denying Crystal's motion to reopen discovery before considering Emerson's motion for summary judgment. The denial of a request for a continuance of summary judgment pending further discovery is an abuse of discretion "only if the party requesting a continuance can show that allowing additional discovery would have precluded summary judgment." *Lincoln*, 685 F.3d at 892. Crystal has failed to make this showing.

**AFFIRMED.**